UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

ELIZABETH YOUNGLOVE,  :
:
: CASE NO. 1:14-CV-1029
Plaintiff, :
:
v. : OPINION & ORDER
: [Resolving Doc. Nos. 8 & 9]
DOLGEN MIDWEST, LLC, :
:
Defendant. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this case about Plaintiff's skin rash and Defendant's termination of her employment that was removed from state court, Plaintiff Elizabeth Younglove moves the Court to remand the case.[1] Defendant Dolgen Midwest, LLC opposes.[2] For the following reasons, the Court **DENIES** Plaintiff's motion for remand.

**I. Background**

On April 10, 2014, Plaintiff Younglove sued Defendant Dolgen Midwest in the Court of Common Pleas in Medina County, Ohio, making three claims: (1) wrongful termination in violation of Ohio public policy; (2) disability discrimination under Ohio state law; and (3) slander.[3]

On May 12, 2014, Defendant Dolgen Midwest removed the action to this Court based on

---

[1] Doc. 8.
[2] Doc. 9.
[3] Doc. 1-3.

-1-

Case No. 1:14-CV-1029
Gwin, J.

diversity jurisdiction.[4]  In doing so, Dolgen Midwest said that it was "more likely than not" that the amount in controversy exceeded $75,000 due to Plaintiff's claims for economic and non-economic compensatory damages and punitive damages.[5]

Plaintiff Younglove now moves the court to remand, saying that the amount in controversy requirement is not met.[6]  She says that her damages do not exceed $74, 999, and attaches to her motion an affidavit from her attorney saying that Plaintiff does not seek more than $75,000.[7]

Defendant Dolgen Midwest opposes the motion.[8]  The motion is ripe.

### II. Legal Standard

"'The district courts of the United States ... are courts of limited jurisdiction.  They possess only that power authorized by Constitution and by statute.'"[9]  A defendant may remove a civil action filed in a state court to a United States district court having original jurisdiction over the action.[10]  Diversity of citizenship, the basis of federal subject matter jurisdiction in this action, is satisfied when the amount in controversy in an action between citizens of different states exceeds $75,000.[11]

The removing party bears the burden of establishing federal subject matter jurisdiction[12].

---

[4] Doc. 1.
[5] *Id.* at 3.
[6] Doc. 8.
[7] *Id.*; Doc. 8-2.
[8] Doc. 9.
[9] *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).
[10] 28 U.S .C. § 1441(a).
[11] 28 U.S.C. § 1332(a).
[12] *Jerome–Duncan Inc. v. Auto–By–Tel, L .L.C.*, 176 F.3d 904, 907 (6th Cir.1999).

Case No. 1:14-CV-1029
Gwin, J.

Jurisdiction is determined as of the time of removal.[13] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[14]

Where the plaintiff seeks to recover an unspecified amount that is not clearly greater or less than $75,000, the removing defendant has the burden to show by the preponderance of the evidence that the jurisdictional amount has been met.[15] Though clarification that damages do not exceed $75,000 may defeat jurisdiction and require remand in certain circumstances,[16] a plaintiff statement that the plaintiff will not seek more than $75,000 is insufficient to divest the Court's jurisdiction.[17]

### III. Analysis

Plaintiff says that the amount of controversy requirement is not met, since her potential damages do not exceed $75,000.[18] In support of her position, she has submitted an affidavit from her attorney stating that Plaintiff "does not seek damages in excess of $75,000," had "served a demand on Defendant in the amount of $74,999," "would accept settlement in an amount less than $74,999," and believes "the instant matter does not have a value in excess of $74,999."[19]

Defendant Dolgen Midwest responds that such a stipulation now does not defeat jurisdiction.[20] It says that at the time of removal, Plaintiff's alleged damages were "more likely than not" to be over $75,000.[21] And it says that the affidavit from Plaintiff's attorney cannot reduce the

---

[13] *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir.1996).
[14] 28 U.S.C. § 1447(c).
[15] *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir.1993).
[16] *See Egan v. Premier Scales & Sys.*, 237 F.Supp.2d 774, 778 (W.D. Ky. 2002).
[17] *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000) ("[A] post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court.").
[18] Doc. 8.
[19] Doc. 8-2.
[20] Doc. 9.
[21] *Id.*

Case No. 1:14-CV-1029
Gwin, J.

amount in controversy to avoid litigating in federal court.

The Court agrees. At the time of removal, Plaintiff had alleged economic compensatory damages of approximately $20,000; noneconomic damages that, under Ohio law, could be up to $250,000; and punitive damages.[22]

Post-removal, Plaintiff tries to say that her damages do not exceed $74,999 and says she "does not seek damages in excess of $75,000.[23] Notably, Plaintiff does not indicate that she would not accept more than $75,000 in damages. But more important, this Court looks to the original complaint when deciding if the amount in controversy is more than $75,000. Any reduction after removal, including the reduced claim in the amended complaint, does not destroy jurisdiction.[24]

### III. Conclusion

For the reasons set forth above, the Court **DENIES** Plaintiff's motion to remand.

IT IS SO ORDERED.

Dated: July 7, 2014                         s/     *James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE

---

[22] *See* Doc. 1.
[23] Doc. 8-2.
[24] *See Rogers*, 230 F.3d at 872.